IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| DERRICK BARRON, : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | Civil Action File No. |
| : | 7 : 09-CV-51(WLS) |
| RYAN KELLY, and GARY VOWELL, : | |
| : | |
| Defendants : | |

### RECOMMENDATION

Presently pending in this *pro se* prisoner 42 U.S.C.§1983 action is defendants' motion to dismiss the complaint for plaintiff's failure to comply with a court order (Doc. 12).

Plaintiff filed this action on or about April 16, 2009. In an order dated June 5, 2009 (Doc. 7), plaintiff's request to proceed *in forma pauperis* was granted, and the complaint was ordered served upon the defendants. In that order, plaintiff was advised to keep the Court and counsel for Defendants informed of any change of address. In that same Order, the Court warned Plaintiff that "Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein." A review of the record reveals that mail sent from the Court to Plaintiff has been returned as undeliverable for the reason that Plaintiff is no longer at the address provided to the Court. (Doc. 10). It is for this reason that defendants seek dismissal of this action.[1] Plaintiff was advised of the filing of the motion to dismiss. (Doc. 14).

---

[1] Defendants also assert that the complaint should be dismissed for failure to state a claim. However, the brief, which was two pages in length, does not contain sufficient authority upon which the undersigned can make that determination. Defendants may submit a properly supported motion to dismiss or motion for summary judgment at a later time.

On August 26, 2009, plaintiff filed a response to the motion to dismiss, stating that he wished to continue with the case, but failing to give an explanation for the delay in notification of his whereabouts. (Doc. 16).

It appears that plaintiff was at the Tift County Jail, which is the address originally furnished, but that someone marked the two pieces of mail as undeliverable as plaintiff was released. It may be that plaintiff was in and out of the jail too quickly for the mail to catch up. At any rate, it appears that plaintiff wishes to continue his lawsuit, and a clear record of failure to comply with the court order or failure to prosecute has not been shown.

Consequently, it is the RECOMMENDATION of the undersigned that defendants' motion to dismiss (Doc. 12) be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS of receipt thereof.

**SO RECOMMENDED**, this 21st day of January, 2010.


　　　　　　　　　　　　　　　　　　　S/ G. MALLON FAIRCLOTH
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

msd