**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| DERRICK BARRON, : | |
| : | |
| Plaintiff, : | |
| : | Civil Case No. |
| vs. : | 7:09-cv-51 (HL) |
| : | |
| RYAN KELLY, GARY VOWELL, : | |
| : | |
| Defendants. : | |
| _____ | |

**ORDER**

This case comes before the Court on Defendants' Motion for Judgment as a Matter of Law. The motion was raised during the bench trial on September 7, 2011, at which time the Court reserved ruling on the matter. After reviewing the record, the motion is granted.

**I.     Background**

Plaintiff was taken into custody by Deputy Ryan Kelly, a named defendant in this action, pursuant to a warrant authorizing Plaintiff's arrest for his failure to appear in court on DUI charges. At the time of the arrest, Plaintiff told Kelly that he had been to court several weeks earlier and entered a guilty plea on the DUI charges. He further stated that he had paperwork at home to prove his court appearance. Kelly did not allow Plaintiff to go to his house and retrieve the paperwork; instead, Kelly took him straight to the Tift County Law Enforcement Center ("TCLEC"). Plaintiff arrived at the TCLEC during the afternoon on Friday,

December 14, 2007. He remained in custody over the weekend and appeared before State Court Judge Larry Mims on the morning of Monday, December 17, 2007. Plaintiff repeated to the judge what he told Kelly - that he previously plead guilty to DUI charges and had paperwork at his house to prove he was present in court at the appropriate time. Judge Mims allowed Plaintiff to return home to retrieve the documents. Plaintiff returned to court an hour later with the paperwork proving his court appearance. Evidently, the arrest warrant was issued by mistake.[1]

As a result of the three nights he spent unjustifiably incarcerated, Plaintiff filed this action against Kelly and Sheriff Gary Vowell under 42 U.S.C. § 1983, claiming he was falsely imprisoned and his Fourth Amendment rights were violated.

## II.   Standard for Motion for Judgment as a Matter of Law

Federal Rule of Civil Procedure 50 permits a district court to grant judgment as a matter of law when, after a party has been fully heard on an issue during a trial, "the court finds that a reasonable jury would not have a legally sufficient basis to find for the party on that issue." FED. R. CIV. P. 50(a)(1). All evidence must be viewed in the light most favorable to the nonmoving party. Walker v. Nations Bank of Florida, 53 F.3d 1548, 1555 (11th Cir. 1995).

---

[1] The record is silent on exactly how and why Judge Mims issued the warrant for Plaintiff's arrest for failure to appear. Defense counsel stated that the Tift County Clerk's Office lost Plaintiff's file, thus the details surrounding the issuance of the warrant are unclear.

2

Judgment as a matter of law is appropriate when "a plaintiff presents no legally sufficient evidentiary basis for a reasonable jury to find for him on a material element of his cause of action" Christopher v. Florida, 449 F.3d 1360, 1364 (11th Cir. 2006). However, if substantial evidence is presented in opposition to the motion for judgment as a matter of law, and if this evidence is "of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions," then the motion must be denied. Walker, 53 F.3d at 1555.

**III.     Analysis**

In this case, a directed verdict is appropriate because Plaintiff has not named defendants against whom he has a legal remedy. Plaintiff and Defendants agree that Kelly executed a facially-valid warrant. Plaintiff claims that Kelly should have taken him by his house to retrieve paperwork that he claimed proved his prior court appearance; however, Kelly was not legally obligated to take this detour. In fact, Kelly followed proper arrest procedure by taking Plaintiff directly to the TCLEC. Georgia law states that "every law enforcement officer arresting under a warrant shall exercise reasonable diligence in bring the person arrested before the judicial officer authorized to examine, commit, or receive bail." O.C.G.A. § 17-4-26. Thus, no fault can be found with Kelly for following protocol and transporting Plaintiff directly to the TCLEC.

As for Vowell, Plaintiff's claims against him are also misplaced. It is well-established in Eleventh Circuit jurisprudence that supervisory officials can only

be held liable under section 1983 in limited circumstances. Cottone v. Jenne, 326 F.3d 1352, 1359 (11th Cir. 2003). Supervisory liability is only established under section 1983 when the supervisor personally participates in the allegedly unconstitutional conduct or when a causal connection links the supervisor to the conduct. Id. This causal connection can be established in one of two ways. First, the supervisor will be held liable if "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so" Id. (citing Gonzalez v. Reno, 325 F.3d 1228, 1234-35 (11th Cir. 2003)). In the alternative, if a supervisor establishes a "custom or policy … [that results] in deliberate indifference to constitutional rights," then the supervisor can be held responsible. Id.

In this case, supervisory liability under section 1983 does not apply to Vowell because he did not personally participate in ordering or executing the arrest warrant.  Further, there is no causal connection to link Vowell to the issuance or execution of the warrant. Therefore, Plaintiff fails to state a claim for which relief can be granted against Vowell.

In sum, Plaintiff has not stated a valid claim against either Defendant. Kelly bears no fault for properly executing a facially-valid warrant, and Vowell cannot be held liable under section 1983 for acts in which he was not personally involved nor linked to in any way. Therefore, the Defendants' Motion for Judgment as a Matter of Law is granted.

4

**SO ORDERED**, this 9th day of September, 2011.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr